UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:18-CV-463-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JERRY LYNN TOWNSEND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

On July 23, 2018, the United States initiated this foreclosure action against Defendants Jerry Lynn Townsend, Pamela R. Townsend, and the Kentucky Department of Revenue's Collections Division. DE 1 (Complaint). The at-issue property is located at 332 Vanover Way, Winchester, Kentucky 40391. The Government now pursues warning order issuance for Defendants Pamela and Jerry Lynn Townsend, and appointment of warning order counsel. DE 8 (Motion).

"The Federal Rules of Civil Procedure [ ] do not expressly provide for appointment of a warning order attorney." *In re Air Crash at Lexington, Ky., Aug. 27, 2006*, No. CIV.A.5:06CV316-KSF, 2008 WL 217123, at *2 (E.D. Ky. Jan. 25, 2008) (citing Fed. R. Civ. P. 4). As authority for the request, Plaintiff cites to Federal Rule 4, subsections (e)(1) & (g), and Kentucky Rules 4.05-.08. *See* DE 8, at 3.

"Fed. R. Civ. P. 4(e)(1) provides that an individual may be served following the state law for serving a summons, which may include, in the Commonwealth of Kentucky, service by warning order attorney under the auspices of Ky. CR 4.05, 4.06, and 4.07." *United States v. Townsend*, No. 5:10-CV-381-JMH, 2010 WL 5014373, at *1 (E.D. Ky.

Dec. 3, 2010). Thus, the Court turns to Kentucky Rule 4.05(e), which permits constructive service on a party "whose name or place of residence is unknown to the plaintiff;" for such a party the Court may, "subject to the provisions of Rule 4.06, [issue] an order upon the complaint warning the party to appear and defend the action within 50 days." *Id.* Kentucky requires "strict compliance with [the warning order] rules[.]" *Nolph v. Scott*, 725 S.W.2d 860, 861 (Ky. 1987)

Counsel's affidavit satisfies the permissive Rule 4.05(e) predicate—*see* DE 8-1, at ¶ 2 and 3 (stating, after failed service attempts, that the Townsend Defendants are individuals "whose place of residence is unknown to the Plaintiff")—and meets the referenced Rule 4.06 strictures.[1] Under the circumstances, Kentucky law requires no more for warning order issuance. *See* CR 4.06(2) ("An affidavit made pursuant to the provisions of Rule 4.06(1), unless it is controverted by the defendant's affidavit, shall be sufficient evidence of the facts therein stated for the support of the action as well as of the warning order."). The Court, finding Plaintiff's request compliant with Kentucky mechanics and pursuant to Federal Rule 4(e)(1), will enter a warning order for both Townsend Defendants.

Further, the Kentucky rules mandate warning order attorney appointment concurrent with issuance of any warning order. *See* CR 4.07(1) ("The clerk at the time of making a warning order shall appoint, as attorney for the defendant, a practicing attorney

---

[1] Kentucky Rule 4.06(1) requires an affiant to "state the last known address of the defendant, . . . or shall state his ignorance of such of those facts as he does not know." *Id.* Additionally, non-plaintiff Rule 4.05 affiants must state their "connection with the plaintiff and [their] belief that the plaintiff is ignorant of such facts as are unknown to the affiant." *Id.* Counsel's affidavit complies with the Rule 4.06 requirements. *See* DE 4-1, at ¶ 1 (connection to Plaintiff), Second ¶ 3 (last known addresses), ¶ 4 (Plaintiff's ignorance of facts unknown to affiant).

of the court."). The Court views Plaintiff's clearance of the Rule 4.05 hurdle as both necessary and sufficient to warrant the requested Rule 4.07 appointments. Accordingly, the Court, for the reasons stated, **GRANTS** DE 4 and **ORDERS** as follows:

1. The Court hereby **NOTIFIES** Jerry Lynn Townsend and Pamela R. Townsend that the United States has initiated an action naming you as a Defendant in federal court. *See* DE 1. The Court further **WARNS** these Defendants that a failure to appear and defend in this action within 51 days could result in entry of a default judgment in the Plaintiff's favor. *See* CR 4.08 ("A defendant constructively summoned shall be deemed to have been summoned on the 30th day after the entry of a warning order and the action may proceed accordingly."); Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint[.]").

2. The Court **APPOINTS** the following practicing attorneys in good standing as Warning Order Attorneys for the following defendants:

| | |
|---|---|
| John W. Oakley, II<br>Oakley & Oakley<br>271 W. Short Street, Suite 111<br>Lexington, KY 40507<br>859-254-4035<br>jay@oakleylawky.com | For Defendant Jerry Lynn Townsend |
| Kathryn Ann Walton<br>271 W. Short Street, Suite 812<br>Lexington, KY 40507<br>859-233-4441<br>kathy@kwaltonlawyer.com | For Defendant Pamela R. Townsend |

3. The Warning Order Attorneys **shall**:

    a. Make diligent efforts to inform the Defendants, by mail, concerning the pendency and nature of this mortgage foreclosure action. The Plaintiff's cause of action is for the foreclosure of the Plaintiff's mortgage lien on the subject real property. The Plaintiff's motion for entry of this Order sets forth the at-issue property's address and the Defendants' addresses last known to the Plaintiff.;

    b. Report the results of their efforts to the Court within 60 days from the date of entry of this Order. Counsel shall verify their reports or submit a supporting affidavit. The reports must include (if applicable) service effort details, supporting documentation communicated or sent to Defendants to effect service, and copies of counsel's written correspondence;

    c. If the Warning Order Attorneys are unable to notify the Defendants regarding this action's pendency, they shall so report, and, if able to present a defense, shall then file an answer on Defendant's behalf. Alternatively, if the Warning Order Attorneys are unable to mount a defense, they shall include that information in their reports;

    d. Provide a copy of the report to counsel of record for the United States.

4. The Court authorizes the Warning Order Attorneys, in connection with their efforts to notify the defendants, to incur reasonable expenses such as postage, expenses attendant to public records searches, expenses attendant to on-line locator services, and telephone charges. However, the Court requires the

    Warning Order Attorneys to seek leave before incurring extraordinary expenses outside these categories such as newspaper advertisement charges and private investigator fees.

5. Upon receipt of this Order, Plaintiff's counsel **shall** cause to be delivered, by mail or by electronic means, to the Warning Order Attorneys' offices the following: a copy of the Complaint, a copy of the Plaintiff's motion for this Order, and a copy of this Order.

6. Upon report filing, the Warning Order Attorneys may also file a motion and affidavit for payment of the Warning Order Attorney's fee and expenses. The Court will award the Warning Order Attorneys the customary fee for such services as well as reasonable expenses. The Warning Order Attorneys' fees and expenses shall be taxed as costs.

7. The Warning Order Attorneys may notify the Court if payment is not received within (60) days of any Order awarding fees and expenses.

This the 27th day of September, 2018.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***Robert E. Wier*** REW

**United States District Judge**