

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. 5:18-cv-463-REW
*Filed Electronically*

**In re: 332 Vanover Way, Winchester, KY 40391**

UNITED STATES OF AMERICA                                   PLAINTIFF

VS.

JERRY LYNN TOWNSEND; ET AL                          DEFENDANTS

## *IN REM* JUDGMENT AND ORDER OF SALE

\*\*\*\*\*\*\*\*

This matter having come before the Court upon the Plaintiff's Motion for *In Rem* Judgment and Order of Sale against the interest of the Defendants, Jerry Lynn Townsend, Pamela R. Townsend, and Commonwealth of Kentucky, Department of Revenue, Division of Collections, in and to the real property which is the subject of this action, and the Court having considered the Motion and its record herein, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED AND ADJUGED as follows:

1. That the Plaintiff's motion is GRANTED.

2. That the Plaintiff, the United States of America, is hereby granted Judgment as follows:

   a) *In Rem* Judgment and Order of Sale is hereby entered against the interests of the Defendant, Jerry Lynn Townsend, in and to the real property which is the subject of this action, in the principal sum of $83,035.54, with accrued interest

of $29,247.41 through June 22, 2018, together with total subsidy granted of $36,080.76, late charges of $1,443.24, and fees assessed of $9,024.01, for a total unpaid balance due of $158,830.96 as of June 22, 2018. Interest is accruing on the unpaid principal balance at a rate of $17.3049 per day after June 22, 2018, until the date of entry of judgment, as appears from the Affidavit of Rural Development Foreclosure Representative, Vicki Jones, previously filed herein, together with interest on the Judgment amount at a rate of 2.70 percent per annum, until paid in full, plus costs, disbursements, attorney's fees, and expenses; and

b) *In rem* Judgment and Order of Sale is hereby granted against Defendant, Pamela R. Townsend. The Defendant, Panela R. Townsend, is hereby found to have an interest in the subject real property by virtue of being the spouse of Jerry Lynn Townsend. Said interest shall be second in priority to the first mortgage lien on the property in favor of the Plaintiff, the United States; and

c) Judgment and Order of Sale is hereby granted against Commonwealth of Kentucky, Department of Revenue, Division of Collections. The Defendant, Commonwealth of Kentucky Department of Revenue Division of Collections, is hereby found to have an interest in the subject real property by virtue of that certain Notice of Lien recorded January 29, 2015 in Book E71, Page 625, in the Clark County Clerk's Office. Said interest shall be second in priority to the first mortgage lien on the property in favor of the Plaintiff, the United States.

3. That federal liens attach to the real property which is the subject of this action, the same being located in Clark County, Kentucky, and more particularly described as follows (hereinafter the "Property"):

> **Lot No. 48, Saddlebrook Estates Subdivision, Unit 2-A, in Clark County, Kentucky, as shown on plat of Unit 2-A of Saddlebrook Estates Subdivision, which is of record on Plat Slide 1278, Clark County Clerk's Office, reference to which is hereby made for a more particular description, and otherwise designated as 332 Vanover Way.**
>
> **Being the same property conveyed to Jerry Lynn Townsend, a married person, from Bright Development Company, Inc., a Kentucky corporation, by Deed dated February 9, 2001, and of record in Deed Book D378, Page 446, in the Clark County Clerk's Office.**

4. That the federal lien attaching to the Property shall be foreclosed and the property sold at auction, pursuant to Title 28, United States Code, Sections 2001 and 2002, in the manner hereinafter set forth; and that the Property shall be sold free and clear of all liens, claims, and rights of redemption of all the parties to this action, except for restrictions and easements of record, zoning laws affecting the Property, municipal utility and/or maintenance liens, and any city, county, state, or school ad valorem taxes which may be due and payable or assessed against the Property at the time of the sale. Payment of such property taxes and municipal utility or maintenance charges shall be the responsibility of the purchaser of the Property at the foreclosure sale.

5. That in accordance with the foregoing paragraph, the following liens, to the extent that they affect the Property, shall be deemed to be released upon entry herein of the Court's order confirming the foreclosure sale of the Property as more fully set forth below:

3

a) Mortgage in favor of the United States Department of Agriculture, Rural Housing Service, recorded on February 12, 2001, in Mortgage Book M387, Page 356, in the Commonwealth of Kentucky, Clark County Clerk's Office.

b) Notice of Lien in favor of Commonwealth of Kentucky, Department of Revenue, Division of Collections, recorded January 29, 2015 in Book E71, Page 625, in the Clark County Clerk's Office.

Such liens, with the exception of mortgage liens, shall remain in full force and effect against any other real property which the Defendant owns or may acquire in the future.

6. That the United States Department of Agriculture, Rural Development (a/k/a Rural Housing Service) is hereby authorized and directed to offer the Property for sale at public auction. The sale shall be conducted within Clark County, Kentucky. Rural Development shall advertise the sale by causing a notice of sale, containing the time and place of the sale, a description of the Property, and the terms of the sale, to be published no less than once a week for four consecutive weeks prior to the sale in a daily newspaper of general circulation in Clark County. Rural Development shall pay the expenses of such advertising, and shall be reimbursed upon distribution of sale proceeds. Prior to the sale, Rural Development shall have the Property appraised by a certified/licensed appraiser who shall be duly sworn by law before entering upon such duties. Rural Development shall pay the customary fee for the appraisal, and shall be reimbursed upon distribution of the sale proceeds. Neither the appraiser nor anyone acting on his or her behalf may make a bid to purchase the Property. Should the purchase price for the Property be less than two-thirds of its appraised value, the United States Marshal's deed conveying the Property to the

purchaser shall contain a lien in favor of the Defendants herein who are the record, chain-of-title owners of the Property reflecting their right to redeem the Property during the period for such redemption provided by law. Upon the sale of the Property, the successful bidder may pay to the United States Marshal for the Eastern District of Kentucky the purchase price or upon a credit of 60 days. At the sale, no bid (except as to Rural Development and the other secured parties to this action who may credit bid against their judgments herein) shall be accepted unless the same is accompanied by an immediate cash deposit of at least 10% of the amount of the purchase price. The successful bidder(s) shall execute a sales bond with a good and sufficient surety, or shall provide a bank letter of credit, for the balance of the purchase price. The requirement of a sales bond or bank letter of credit may be reasonably waived by the attorney for the United States. The successful bidder(s) must tender the balance of the purchase price to the Lexington office of the United States Marshal within 60 days following the date of the sale. Upon a default by the purchaser(s), the purchaser's initial deposit shall be forfeited and retained by the United States Marshal to be subsequently disbursed as part of the proceeds of the sale; whereupon the Property shall again be offered for sale in compliance with this Judgment.

7. That the sale of the Property shall be subject to confirmation by this Court. As soon as practicable following the sale, Rural Development shall cause to be filed of record herein a Report of Sale. The Report of Sale shall set forth the times and place of the sale, the appraised value of the Property, the purchase price, the identity and addresses of the purchasers, a statement of how the purchasers wish to take title to the Property, and the advertising, appraisal, and other expenses of the sale incurred by Rural Development. The Report of Sale shall lay over for objections and exceptions for ten days after the filing of

the Report. After the Report has laid over for ten days, the United States shall file a motion herein for confirmation of the sale and for entry of an order directing the United States Marshal to execute a deed of conveyance of the Property to the purchaser. The attorney for the United States shall prepare the Marshal's deed. The United States Marshal is not required to generally warrant title to the Property, and in no event shall the Marshal be personally obligated in any manner whatsoever. The Marshal shall tender the deed to the Court for approval and endorsement. The Marshal shall not deliver or cause delivery of the Deed to the purchaser of the Property until such time as the sale has been confirmed by the Court, the deed has been examined and approved by the Court, and the purchase price has been paid in full to the Marshal. Following the confirmation of the sale, payment in full of the purchase price, and delivery of the deed, the United States shall file of record herein a motion for distribution of the proceeds, and have this action stricken from the Court's active docket.

8. That the proceeds of the sale of the Property shall be subjected first to the payment of the costs of this action and the sale, then toward satisfaction of the Plaintiff's Judgment against the Defendants, and thereafter as this Court shall direct.

9. That in order to conduct the foreclosure sale of the Property, the United States shall have possession of the Property. Any persons now possessing or occupying the Property shall make the same available for inspection upon reasonable notice by the United States, and all such persons now possessing or occupying the Property shall completely move out of the Property no later than 30 days from the date of entry of this Judgment. Should any such person fail to move out of the Property in compliance with this Judgment, the United States shall, upon motion, be entitled to the entry of a Writ of Assistance providing for the

eviction of such persons from the Property. Upon request of Rural Development or the attorney for the United States, the United States Marshal for the Eastern District of Kentucky is hereby authorized and directed to perform any and all acts which may be reasonably required to protect the Property and to maintain the peace at the sale of the Property or at the eviction of persons who fail to comply with this Judgment.

10. That this action is now continued for confirmation of the sale of the Property, distribution of the sales proceeds, and for such further orders and judgments as may be necessary.

Date:

PREPARED BY:
/s/ A. George Mason, Jr.
Attorney for the Plaintiff
George Mason Law Firm, PSC
3070 Lakecrest Circle
Suite 400, PMB 278
Lexington, KY 40513
Phone: (859) 224-8277
Fax: (859) 296-2998



Signed By: 12.20.2018
**Robert E. Wier**  PW
**United States District Judge**